**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

KEVIN LAWRENCE BANKS, #222565,

       Petitioner,

v.                                          ACTION NO. 2:04cv370

GENE M. JOHNSON, Director of the
Virginia Department of Corrections

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Kevin Lawrence Banks ("Banks") was convicted in the Circuit Court of the City of Newport News, Virginia on June 13, 2003 of first-degree murder of his wife and sentenced to seventy-five years imprisonment, with fifteen years suspended. The conviction was based on Banks's guilty plea of April 7, 2003. Banks did not appeal.

On September 10, 2003, Banks filed a petition for a writ of habeas corpus in the Circuit Court of the City of Newport News. On October 10, 2003, Banks amended the petition by adding additional claims. The circuit court dismissed the petition on December 3, 2003 finding the claims either procedurally defaulted or meritless. Banks did not appeal this dismissal.

On June 5, 2004, while in the custody of the Buckingham Correctional Center in Dillwyn, Virginia, Banks executed and delivered for mailing this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 1, 2004, the respondent filed a Rule 5 Answer and Motion to Dismiss, accompanied by a brief in support. On October 8, 2004, Banks executed and delivered for mailing a response to the respondent's motion to dismiss.

### B. Grounds Alleged

Banks now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254, for the reasons substantially as follow:

(a) Petitioner was "unlawfully questioned at a very length (sic) period by detective without being Mirandized," his statement was taken before he was Mirandized, and he was forced to incriminate himself;

(b) Petitioner's plea of guilty was "induced with scare tactics, also fraudulent, coerced and undue influenced (sic)" and he would not have pled guilty if not for these tactics;

(c) Ineffective assistance of counsel in that:

(1) Counsel did not visit the crime

2

        scene, but instead relied on the prosecution's evidence;

(2) Counsel did not argue that only photographs and no physical evidence was produced at the preliminary hearing or trial;

(3) Counsel did not move to suppress Petitioner's confession or any of his other statements, which were taken in violation of Petitioner's <u>Miranda</u> rights;

(4) Counsel did not advise Petitioner that if he opted for a jury trial, the jury would have to render a unanimous verdict to convict, and he coerced Petitioner into choosing a bench trial because in his "professional opinion, the sentence would be minimal;"

(5) Counsel failed to secure a plea agreement to a lesser charge;

(6) Petitioner "adjures his plea under malfeasance of represented counsel;"

(7) Counsel had a conflict of interest because he had attended school with the Commonwealth's Attorney;

(d) Petitioner was refused the right to discharge his counsel at the preliminary hearing;

(e) Petitioner was given only one attorney to represent him when "by law, he was entitled to two [attorneys] in high-profile cases;"

Banks raised these same claims in his state habeas petition.

## II. MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers the petitioner's motion for appointment of counsel. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8(c) of the Rules Governing Section 2254 Cases. Moreover, the petitioner has not alleged any "exceptional circumstances" which would warrant appointment of counsel in this matter. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D.Va. 1985), aff'd, 780 F.2d 1018 (4th Cir. 1985) (unpublished table decision). Accordingly, the Court FINDS that the petitioner's motion for appointment of counsel and request for an evidentiary hearing should be DENIED.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A. Procedural Default

Generally, a § 2254 petitioner must exhaust his claims in state court before they may be heard in federal court. Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997).[1] If his claims were not exhausted

---

[1] A petitioner typically meets this exhaustion requirement by "fairly present[ing] his claim to the state's highest court." Matthews, 105 F.3d at 911. The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v Boerckel, 526 U.S. 838, 846

in state court, but would now be procedurally barred if brought in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

---

(1999). Where a petitioner presents a claim in federal court that was not previously presented in state court, but that claim would now be barred from consideration by the state court under state procedural rules, federal courts have generally followed one of two different approaches. Under the first approach, the court considers the exhaustion requirement met because state remedies are unavailable. See Teague v. Lane, 489 U.S. 288, 297-98 (1989) ("It is clear that collateral relief would be unavailable to petitioner. As a result, petitioner has exhausted his state remedies under 28 U.S.C. § 2254(b) ... .") (citation omitted); Matthews, 105 F.3d at 911 ("[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met ... when a state procedural rule would bar consideration if the claim was later presented to the state court.") (citations omitted). The second approach simply holds that exhaustion is not required if there is a procedural bar to bringing the claim in state court. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991):

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

See also Clagett, 209 F.3d at 378; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) ("[W]hen it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded."). This Report and Recommendation adopts the latter approach as Clagett is the more recent expression of the rule by the Fourth Circuit, which likewise relies on the more recent expression of the United States Supreme Court on the matter. Notably, the same result is reached under either approach: the petitioner's claims are procedurally defaulted in federal court.

5

The Court finds that Banks's petition is procedurally defaulted in this Court because he did he did not appeal the denial of his state habeas petition to the Virginia Supreme Court. Were he now to raise in the Virginia Supreme Court the claims that he raised in his habeas petitions to the Newport News Circuit Court and to this Court, his claims would be procedurally defaulted under Virginia Supreme Court Rule 5:9(a), which requires that a notice of appeal be filed within thirty days after the entry of final judgment or other appealable order. The Fourth Circuit has held that this procedural rule is an independent and adequate state procedural rule. Wise v. Williams, 982 F.2d 142, 143 (4th Cir. 1992); see also Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). Thus, Banks's petition is procedurally defaulted before this Court as well.

### B. Exceptions to Procedural Default

Although Banks's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the

6

defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). "Objective factors that may constitute 'cause' include: (1) interference by officials that makes compliance with the State's procedural rule impracticable;' (2) 'a showing that the factual or legal basis for a claim was not reasonably available to counsel;' (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel." Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998)(quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Banks asserts that he failed to appeal the circuit court's dismissal of his state habeas petition to the Virginia Supreme Court because of his "unfamiliarity with legal process, pro se." The Court finds that Banks's pro se status and his unfamiliarity with the legal process do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002)("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2nd Cir. 1993)(ignorance or inadvertence do not constitute cause to excuse a procedural

7

default); cf. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

The Court does not consider the "miscarriage of justice" exception. It is the petitioner's burden to establish this exception and Banks does not assert that he is "actually innocent" of the crime for which he was convicted. See, e.g., Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998).

Accordingly, the Court RECOMMENDS denial of his petition.

### C. Conclusion

Banks did not raise his claim before the Virginia Supreme Court. Were he now to raise this claim in the Virginia Supreme Court, the claim would be procedurally defaulted under an independent and adequate state procedural rule, and thus the claim is procedurally defaulted before this Court as well. Banks alleges no sufficient cause and prejudice or miscarriage of justice that would allow the Court to review the claim on the merits despite this procedural default. Accordingly, the Court RECOMMENDS denial of his petition.

### IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Banks's petition for a writ of habeas corpus be DENIED, that the

8

respondent's motion to dismiss be GRANTED, and that Banks's claim be DISMISSED WITH PREJUDICE.

The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely

objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

ENTERED this 25th day of May, 2005.

                                                        /s/
                                        F. Bradford Stillman
                                        United States Magistrate Judge

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

    Kevin L. Banks, #222565
    P.O. Box 430
    Buckingham Correctional Center
    Dillwyn, Virginia 2336

    Michael T. Judge
    Office of the Attorney General
    900 East Main Street
    Richmond, Virginia 23219


                                     Elizabeth H. Paret, Clerk


                    By: _____
                         Deputy Clerk

                         May    , 2005